UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

DANIELLE BITON,[1]

                    Plaintiff,

-against-

NYCTA/MTA,

                    Defendants.
----------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 1 9 2012 ★
BROOKLYN OFFICE

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
12-CV-2686 (CBA)(LB)

AMON, Chief Judge:

Plaintiff, Danielle Biton appearing *pro se,* brings this action against the New York City Transit Authority ("NYCTA") and the Metropolitan Transportation Authority. Plaintiff's requests to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. Plaintiff's complaint is dismissed for the reasons stated below.

## BACKGROUND

This is plaintiff Danielle Biton's fourth action in this court; all make largely indecipherable allegations. In her first action, Bitton v. State of New York et al., 09-CV-2831 (CBA) filed on June 26, 2009, plaintiff was given two separate opportunities to amend her complaint. In her amended complaint, submitted September 11, 2009, plaintiff added nearly fifty new defendants including *inter alia*, Secretary of State Hilary Clinton, the Republic of China, the Internal Revenue Service, and the Securities and Exchange Commission, but she did not make any allegations against the old or the new defendants. The sole lucid statement was that she

---

[1] Plaintiff filed this complaint on May 23, 2012 naming herself as the "respondent" and "NCYTA/MTA" as the plaintiff. The Court has corrected the caption to reflect the Biton is the plaintiff and NYCTA/MTA are the defendants.

wanted her "rights and property to be restored before the United States Government and the British Government. " On October 13, 2009, plaintiff submitted a Second Amended Complaint in response to this Court's September 23, 2009 Order which allowed her a chance to set forth her Privacy Act claim, if any. In the Second Amended Complaint, plaintiff again failed to allege a basis for the exercise of this Court's subject matter jurisdiction, and the Court could not discern any. Moreover, the Court found the Second Amended Complaint irrational and therefore frivolous. Accordingly, by Order dated November 2, 2009, the action was dismissed for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), and because the Court deemed the complaint frivolous, 28 U.S.C. § 1915(e)(2)(B)(i).

Shortly thereafter, on November 20, 2009, plaintiff filed a second action. Biton v. Wilmer Hale Grier, 09-CV-5375 (CBA). Again, despite its best efforts, the Court could not ascertain the basis for plaintiff's claim, only that she felt wronged by the American and British judicial systems. By Order dated February 19, 2012, plaintiff's action was dismissed as frivolous.

On January 27, 2010, plaintiff filed her third action; this time her mother, Saphyre Redford, was her co-plaintiff. Redford v. Chicago Title Insurance, 10-CV-434 (CBA)(LB). Again, the Court, faced with an incomprehensible complaint, dismissed the action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). Furthermore, the Court warned plaintiff that if she persisted in filing frivolous actions, the Court would enter an Order barring the acceptance of any future *in forma pauperis* complaints unless the plaintiff first obtained leave to file from the Court. 28 U.S.C. § 1651; see e.g., In re Martin-Trigona, 9 F.3d 226, 227-29 (2d Cir. 1993); Iwachiw v. N.Y. State Dep't of Motor Vehicles, 396 F.3d 525, 529 (2d Cir. 2005).

Despite the Court's warning, plaintiff submitted the instant complaint on May 23, 2012.

It is, once again, incomprehensible. The statement of claim includes allegations such as "The NYCTA uses the NYPD to target me & harass me & follow me wherever I go. I refuse to be greymailed and my health that I suffer from skin allergies, swelling, & sinusitis was caused by the NYCTA/MTA who committed acts of terrorism on me on 27 January 2010 by exposing me to lethal gas, as well as to toxic water . . ."

## DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: "(1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations omitted).

In Denton v. Hernandez, 504 U.S. 25 (1992), the Supreme Court noted that:

> the in forma pauperis statute, unlike Rule 12(b)(6) [of the Federal Rules of Civil Procedure] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."

Denton, 504 U.S. at 32 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to

3

contradict them." Id. at 33.

The Court finds that the complaint is irrational and completely devoid of merit. There is nothing in the complaint that alleges a federal cause of action against the named defendants.

Insofar as plaintiff cursorily alleges she was issued a summons without probable cause by the New York City Police Department on May 21, 2012, she does not name the proper defendant for such a claim – *i.e.*, the NYPD officer who issued the summons – and does not allege with any clarity the surrounding facts that would be necessary to state a plausible cause of action. Should plaintiff seek to pursue this claim, she may file a new action that names the proper defendant, clearly identifies her cause of action, and sets forth specific facts to support that claim. If plaintiff cannot identify the necessary defendant, she may designate her or him as John or Jane Doe and provide any identifying information of which she is aware, such as a physical description, precinct and/or the location of the incident.

## CONCLUSION

Accordingly, plaintiff's complaint filed *in forma pauperis* is dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). The Court takes this opportunity to again warn plaintiff that it will not tolerate frivolous filings. Should plaintiff persist in filing frivolous actions, the Court may enter an Order barring plaintiff from filing any future *in forma pauperis* complaints without first obtaining leave of the Court to do so. 28 U.S.C. § 1651; see In re Martin-Trigona, 9 F.3d 226, 227-29 (2d Cir. 1993); Iwachiw v. N.Y. State Dep't of Motor Vehicles, 396 F.3d 525, 529 (2d Cir. 2005). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Judge Amon/

Carol Bagley Amon
Chief United States District Judge

Dated: Brooklyn, New York
June 19, 2012